**No. 48915.**—Protest 69001–K of New York Mdse. Co., Inc. (Los Angeles).

Opinion by OLIVER, P. J. Plaintiff's sole witness, manager of the plaintiff corporation, testified that he and his friends had used these balls to play "catch" at several beaches in California and that the balls, being gas filled, were especially adapted for beach use because they would float in water. He stated he had seen the balls used by both adults and children and he thought they were mainly used by adults, i. e., roughly about 60 percent by adults and 40 percent by children. and added that that was a guess. On cross-examination he testified that he would give this ball to children for amusement, and, further, in answer to the question, "So you could call it a toy?" he answered "One interpretation, yes, s'r."

The court stated the fact that these balls were used for physical exercise would not necessarily deprive them of the designation as toys, as paragraph 1513 specifically provides "whether or not also suitable for physical exercise." It was found the plaintiff had failed to give any substantial evidence tending to establish that in a large area of the United States these balls were *chiefly* used by adults, and the court did not feel justified in assuming that conditions generally would be the same. The court was further of opinion that there was no testimony before it as to the purpose of the design of these balls, and that the mere use by children would not of itself make an article a toy. Its chief use by children for their amusement must control (*United States* v. *Woolworth*, 24 C. C. P. A. 338, T. D. 48770). It was held the presumption of correctness attaching to the collector's classification had not been overcome by the vague and inconclusive testimony of the plaintiff. The protest was therefore overruled. *Morse* v. *United States* (13 Ct. Cust. Appls. 553, T. D. 41432), *United States* v. *Woolworth* (23 C. C. P. A. 98, T. D. 47765), and *Hawley* v. *United States* (19 id. 47, T. D. 44893) cited.